IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE C. KELLY | : |
| | : CIVIL ACTION NO.: |
| **Plaintiff** | : |
| v. | : |
| FIVE STAR QUALITY CARE | : |
| **Defendant** | : |

## COMPLAINT – CIVIL ACTION

### I. NATURE OF THE ACTION

1. This action is brought pursuant to the Age Discrimination in Employment Act of 1967 as amended (ADEA), 29 U.S.C. 29 U.S.C. § 621 et seq. and the Pennsylvania Human Relations Act as amended (PHRA), 43 P.S. § 951 et seq. to correct unlawful employment practices on the basis of age and to provide relief to plaintiff, Grace C. Kelly who has been adversely impacted by these practices beginning in or around July 2008, and continuing until the termination of her employment on November 20, 2008.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and § 1343.

3. This action is authorized and instituted pursuant to § 626(b) of the ADEA.

4. This Court has supplemental jurisdiction over plaintiff's PHRA claim pursuant to 28 U.S.C. §1367(a), in that this claim arises from the same case or controversy as her federal claims.

5. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADEA and the PHRA, in particular: (a) plaintiff filed a timely charge of discrimination (charge number 530-2014-01631) on the basis of age with the Equal Employment Opportunity Commission (EEOC); (b) plaintiff requested the charge be dual filed with the Pennsylvania Human Relations Commission (PHRC), and; (c) On April 2, 2014, the EEOC issued a "Notice of Right to Sue". A copy of this Notice is attached hereto as Exhibit "A".

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that the unlawful employment practices alleged herein occurred in Chester County Pennsylvania, within the jurisdiction of this Court.

### III. PARTIES

7. Plaintiff, Grace C. Kelly (hereinafter "plaintiff") is an adult resident of West Chester, Pennsylvania.

8. At all relevant times, plaintiff was an individual entitled to the protections of the ADEA in that she is over forty (40) years of age. 29 U.S.C. § 631(a).

9. Defendant, Five Star Quality Care (hereinafter, "defendant") is a Maryland corporation with principal executive offices at 400 Centre Street, Newton Massachusetts 02458. Five Star trades and does business

as New Seasons Assisted Living at 445 N. Valley Forge Road, Devon, PA 19333.

## IV. STATEMENT OF MATERIAL FACTS

10. At all relevant times, defendant has had at least twenty (20) employees, and has been continually doing business in Pennsylvania. At all relevant times, defendant has been, and continues to be, an employer engaged in an "industry affecting commerce" within the meaning of the ADEA, 29 U.S.C. § 630(b).

11. Plaintiff was employed with defendant as a manager at the Devon, PA location from January 23, 2006 to November 20, 2008.

12. Plaintiff was born in 1942.

13. At all relevant times, plaintiff carried out her duties as a manager in a satisfactory manner.

14. In or around March of 2008, Sue Haines was hired as a general manager and plaintiff reported to her as a manager of the Devon location.

15. Plaintiff continued to perform all of her previous job functions, including but not limited to, maintaining a waiting list of potential residents, making sure that rooms were prepared for new residents, and making sure that new resident move-ins went successfully.

16. Additional responsibilities were also added to plaintiff's job duties including making numerous sales calls to promote business and help get the resident census up.

17. In or around July 2008, New Seasons was sold to defendant Five Star Quality Care, although it continued to do business under the name "New Seasons Assisted Living".

18. At or around the same time, defendant brought in a District Manager named Kelly Neils.

19. Ms. Neils was much younger than plaintiff and under forty (40) years of age.

20. Ms. Neils began telling plaintiff how to do the job she had done successfully for years, although she did not have the same years of sales experience as plaintiff.

21. Ms. Neils directed age-based comments at plaintiff including "you don't understand the work we need you to do" (in regard to new marketing ideas), and the residents and sales customers want to see something "new" or "newer".

22. Ms. Neils criticized plaintiff's style of dress, again telling her that residents wanted to see something "newer".

23. In early fall 2008, plaintiff was directed to coordinate a full day community outreach event to attract potential new residents. She was not given staff support for this project and her complaints to Neils and Haines went unanswered.

24. On or around October 24, 2008, Sue Haines approached plaintiff and told her she was required to evaluate her. Haines gave plaintiff a rating of "unsatisfactory".

25. Plaintiff did not agree with the rating given that she had never had an unsatisfactory rating in that past, and that she was performing all of the new tasks given to her to the best of her ability.

26. Plaintiff was treated differently than other sales directors or managers at other Five Star locations in that she spoke to other directors and learned that they were not required to make twenty (20) cold sales calls per day.

27. In contrast, plaintiff was required to make these calls and was criticized and screamed at by Neils when she was not successful.

28. On November 20, 2008, plaintiff stayed at work late to finish making "hot lead" sales calls. At approximately 6pm, she was called into the office of the Executive Director with Kelly Neils.

29. Plaintiff was informed her employment was terminated.

30. Ms. Neils assumed the duties of plaintiff's position.

## COUNT I
## Age Discrimination in Employment Act 29 U.S.C. § 621 et seq.

31. Plaintiff incorporates by reference paragraphs 1 through 30 as though each were set forth in their entirety.

32. Defendant engaged in unlawful employment practices on the basis of age in violation of 29 U.S.C. § 623(a)(1) by terminating plaintiff, and by having her job duties performed by a younger, less qualified person.

33. The purported reasons for plaintiff's termination are not credible, are contrary to her job performance, and are unworthy of credence.

34. Defendant's conduct, as averred above, has deprived plaintiff of employment opportunities, or otherwise adversely affect her status as an employee because of her age in violation of the ADEA, 29 U.S.C. § 623(a)(2).

35. The unlawful employment practices complained of above were willful in that they were committed with reckless disregard toward plaintiff's federally protected rights, as set out in the ADEA.

36. As a direct and proximate result of defendant's unlawful conduct, plaintiff has suffered damages, including but not limited to, loss of employment, loss of wages and benefits associated with her employment, loss of advancement and other employment opportunities, humiliation and loss of enjoyment of work.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT 43 P.S. § 951 et seq.

37. Plaintiff incorporates by reference paragraphs 1through 36 as though each were set forth in their entirety.

38. Defendant, through the acts averred above, has discriminated against plaintiff because of her age in violation of the Pennsylvania Human Relations Act.

6

39. The effect of the defendant's unlawful employment practices complained of above has been to deprive plaintiff of employment opportunities and adversely affect her status as an employee because of her age.

40. Defendant's unlawful employment practices complained of above were committed with malice and reckless indifference toward plaintiff's protected rights under the Pennsylvania Human Relations Act.

41. As a direct and proximate result of defendant's violation of plaintiff's rights under the Pennsylvania Human Relations Act, Plaintiff has suffered the damages set out in paragraph 36 above.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgment in her favor and against the Defendant and award the following:

   a. a declaration and finding by this Court that defendant has violated plaintiff's rights secured by the ADEA and the Pennsylvania Human Relations Act;

   b. an award of lost wages and benefits;

   c. an award of compensatory and punitive damages (as permitted under the PHRA) in an amount to be determined at trial;

   d. an award of reasonable attorney fees and costs associated with this action, and;

   e. an award to plaintiff of other such relief as this Court may deem just and equitable.

## V. **JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

BY: _____
GERALD J. WILLIAMS, ESQUIRE
WILLIAMS CUKER BEREZOFSKY
1515 Market Street, Suite 1300
Philadelphia, PA 19102
(215) 557-0099

_____
STEPHEN S. PENNINGTON, ESQUIRE
1515 Market Street, Suite 1300
Philadelphia, PA 19102
(215) 564-2363

Attorneys for Plaintiff

Dated: June 30, 2014

# EXHIBIT A

EEOC Form 161-B (10/96)

**U.S. Equal Employment Opportunity Commission**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Ms. Grace Kelly
832 Pietro Place
West Chester, PA 19382

Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, PH Suite 1300
Philadelphia, PA 19107-3127

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2014-01631 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)
NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Spencer H. Lewis, Jr. District Director

4/2/14
*(Date Mailed)*

Enclosure(s)

cc: Five Star Quality Care
Jamie Ray Leonetti, Esquire (for Charging Party)
Human Resources Manager (for Respondent)