IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRACE C. KELLY<br><br>        Plaintiff,<br><br>v.<br><br>FIVE STAR QUALITY CARE,<br><br>        Defendant. | CIVIL ACTION NO.: 14-4020 |

### DEFENDANT'S ANSWER AND DEFENSES TO THE COMPLAINT

Defendant, Five Star Quality Care, Inc. ("Five Star" or "Defendant"), by and through undersigned counsel, hereby responds to the Complaint of Grace C. Kelly ("Plaintiff") as follows:

### I. AS TO "NATURE OF THE ACTION"

1. The allegations set forth in paragraph 1 of the complaint are legal arguments and for that reason, no response is provided thereto.

### II. AS TO "JURISDICTION AND VENUE"

2. The allegations set forth in paragraph 2 of the complaint are legal arguments and for that reason, no response is provided thereto.

3. The allegations set forth in paragraph 3 of the complaint are legal arguments and for that reason, no response is provided thereto.

4. The allegations set forth in paragraph 4 of the complaint are legal arguments and for that reason, no response is provided thereto.

5. Defendant denies the allegations set forth in paragraph 5 of the complaint.

6. The allegations set forth in paragraph 6 of the complaint are legal arguments and for that reason, no response is provided thereto.

### III. AS TO THE "PARTIES"

7. Defendant admits only that the documentation provided by Plaintiff during her employment indicates that she resides in West Chester, Pennsylvania. The remaining allegations set forth in paragraph 7 of the complaint are denied.

8. The allegations set forth in paragraph 8 of the complaint are legal arguments and for that reason, no response is provided thereto.

9. Defendant admits only that it is incorporated in Maryland, maintains offices at 400 Centre Street, Newton, Massachusetts, and operates a facility in Devon, Pennsylvania. The remaining allegations set forth in paragraph 9 are denied.

### IV. AS TO THE ALLEGED "STATEMENT OF MATERIAL FACTS"

10. The allegations set forth in paragraph 10 of the complaint are legal arguments and for that reason, no response is provided thereto.

11. Defendant admits only that Plaintiff was employed by Defendant as Marketing Director from June 18, 2008 until November 20, 2008. The remaining allegations set forth in paragraph 11 are denied.

12. Defendant admits only that the documentation provided by Plaintiff during her employment indicates that her year of birth is 1942. The remaining allegations set forth in paragraph 12 are denied.

13. Defendant denies the allegations set forth in paragraph 13 of the complaint.

14. Defendant admits that in or around March 2008, Sue Haines was hired as Executive Director and Plaintiff reported to her at the Devon location.

15. Defendant denies the allegations set forth in paragraph 15 of the complaint.

16. Defendant denies the allegations set forth in paragraph 16 of the complaint.

17. Defendant admits only that in or around June 2008, Five Star Quality Care began operating the Devon Senior Living as part of an acquisition. The remaining allegations set forth in paragraph 17 are denied.

18. Defendant admits that in or around June 2008, Kelly Neal (incorrectly referred to as Kelly Neils in the complaint) was hired as Regional Sales and Marketing Director.

19. Defendant admits only that Ms. Neal was under the age of 40 at the time of her hire. The remaining allegations set forth in paragraph 19 of the complaint are denied.

20. Defendant denies the allegations set forth in paragraph 20 of the complaint.

21. Defendant denies the allegations set forth in paragraph 21 of the complaint.

22. Defendant denies the allegations set forth in paragraph 22 of the complaint.

23. Defendant denies the allegations set forth in paragraph 23 of the complaint.

24. Defendant admits only that on or about October 24, 2008, Sue Haines provided Plaintiff with a Performance Tracking Evaluation outlining Plaintiff's performance deficiencies and the improvement required, otherwise known as a Performance Improvement Plan ("PIP"). The remaining allegations set forth in paragraph 24 of the complaint are denied.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's beliefs and therefore the allegations set forth in paragraph 25 are denied. Having said that, Defendant denies there was any basis for Plaintiff to disagree with the rating given to her.

26. Defendant denies the allegations set forth in paragraph 26 of the complaint.

27. Defendant admits only that Plaintiff was required to meet specified call targets. The

remaining allegations contained in paragraph 27 are denied.

28. Defendant admits only that on November 20, 2008, Plaintiff met with Sue Haines. The remaining allegations contained in paragraph 28 are denied.

29. Defendant admits the allegations set forth in paragraph 29 of the complaint.

30. Defendant denies the allegations set forth in paragraph 30 of the complaint.

## COUNT 1
## AS TO ALLEGED AGE DISCRIMINATION IN VIOLATION OF THE ADEA

31. Defendant incorporates by reference each of its responses to the preceding paragraphs as fully as though set forth herein at length.

32. Defendant denies the allegations set forth in paragraph 32 of the complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the complaint.

34. Defendant denies the allegations set forth in paragraph 34 of the complaint.

35. Defendant denies the allegations set forth in paragraph 35 of the complaint.

36. Defendant denies the allegations set forth in paragraph 36 of the complaint.

## COUNT II
## AS TO ALLEGED AGE DISCRIMINATION IN VIOLATION OF THE PHRA

37. Defendant incorporates by reference each of its responses to the preceding paragraphs as fully as though set forth herein at length.

38. Defendant denies the allegations set forth in paragraph 38 of the complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the complaint.

41. Defendant denies the allegations set forth in paragraph 41 of the complaint.

**WHEREFORE,** Defendant demands that judgment be entered against Plaintiff dismissing the complaint in its entirety, together with damages, costs of suit and attorneys' fees.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, waiver, estoppel, and/or the doctrine of laches.

### THIRD DEFENSE

Plaintiff failed to exhaust her administrative remedies.

### FOURTH DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

### FIFTH DEFENSE

None of Defendant's actions were willful, malicious, deliberate or outrageous.

### SIXTH DEFENSE

Plaintiff is not entitled to recover punitive damages nor has Plaintiff set forth a claim for compensatory damages.

### SEVENTH DEFENSE

Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with our without notice.

### EIGHTH DEFENSE

Each and every action taken by Defendant with respect to Plaintiff was justified by legitimate business reason(s).

## NINTH DEFENSE

Defendant reserves the right to amend their answer, to add additional or other defenses, to delete or withdraw defenses, and to add other claims as they may become necessary after a reasonable opportunity for investigation and appropriate discovery.

**WHEREFORE**, Defendant demands that judgment be entered against Plaintiff dismissing the complaint in its entirety, together with damages, costs of suit and attorneys' fees.

Respectfully submitted,

JACKSON LEWIS P.C.

By: *[signature]*

John M. Nolan (PA 94337)
Samantha Sherwood Bononno (PA 306943)
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA  19102-1317
Tel: (267) 319-7802
Fax: (215) 399-2249
*Attorneys for Defendants*

Dated: December 5, 2014

4851-3029-5328, v. 1

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing **Defendant's Answer and Defenses to the Complaint** to be served upon the following counsel of record, via the Court's ECF System, this 5th day of December, 2014:

> Stephen S. Pennington, Esquire
> Williams Cuker Berezofsky
> 1515 Market Street, Suite 1300
> Philadelphia, PA 19102

> Respectfully submitted,
>
> **JACKSON LEWIS P.C.**
>
> _____
> John M. Nolan, Esquire
> Samantha Sherwood Bononno, Esquire
> Three Parkway
> 1601 Cherry Street, Suite 1350
> Philadelphia, PA 19102-1317
> Telephone: (267) 319-7802
> Facsimile: (215) 399-2249
>
> ATTORNEYS FOR DEFENDANT

4837-8418-9984, v. 1